IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN KEITH SHERRELL, #A6119921,<br><br>Plaintiff,<br><br>vs.<br><br>MAUI COMMUNITY CORRECTIONAL CENTER; *et al.*,<br><br>Defendants. | CIVIL NO. 24-00183 LEK-KJM<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND |

**ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND**

Before the Court is a Prisoner Civil Rights Complaint (Complaint) filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Brian Keith Sherrell.[1] ECF No. 1. Sherrell alleges that a nurse at the Maui Community Correctional Center (MCCC) denied him medical care by choosing not to issue a memorandum authorizing Sherrell's use of a bottom bunk bed.[2] After conducting the required screening

---

[1] Sherrell is currently incarcerated at the Maui Community Correctional Center. *See* ECF No. 1, at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6119921"; and select "Search") (last visited June 27, 2024).

[2] Sherrell names as Defendants the MCCC, the former Department of Public Safety (DPS), and Nurse Jillian Bermejo-Barrera. ECF No. 1 at PageID.1–PageID.2. Sherrell names the MCCC and the DPS in their official capacities, and he names Bermejo-Barrera in both her individual and official capacities. *Id.* On January 1, 2024, the DPS was redesignated as the Department of Corrections and Rehabilitation. *See* Haw. Rev. Stat. § 26-14.6(d) (Supp. 2022).

pursuant to 28 U.S.C. § 1915A, the Court DISMISSES the Complaint with partial leave to amend.  If Sherrell wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **July 29, 2024**.  In the alternative, Sherrell may inform the Court in writing on or before **July 29, 2024**, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## I. **BACKGROUND**[3]

Although the timing of the events described in the Complaint is not entirely clear, it appears that in October 2022, Sherrell told Nurse Bermejo-Barrera that he had fallen from his top bunk bed.  ECF No. 1 at PageID.5.  Apparently because of this fall, Sherrell felt pain in his right knee and hip.  *Id.*  Sherrell previously had surgery on the same knee.  *Id.*

Sherrell asked for a memorandum allowing him to sleep on a bottom bunk.  *Id.*  Bermejo-Barrera told Sherrell to "prove it."  *Id.*  Sherrell provided to Bermejo-Barrera the names of his physicians at the "Hood River Memorial Hospital" and the "Dallas Skyline Hospital."  *Id.*  Bermejo-Barrera said that these names were "absolutely worthless" to her.  *Id.*

---

[3] Sherrell's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

A week after this conversation, Sherrell fell from his top bunk a second time. *Id.* According to Sherrell, he again injured his right knee and hip while getting down from his bunk. *Id.* Sherrell was seen by a doctor who ordered an MRI, provided Sherrell with crutches, and prescribed him naproxen and Tylenol. *Id.*

At some point, Sherrell was denied pain medication. *Id.* at PageID.6. According to Sherrell, the injury to his right hip has not been addressed. *Id.* A physical therapist told Sherrell that additional imaging of that hip is needed, and hip replacement might be necessary. *Id.* Sherrell experiences "severe pain" all day, and the pain wakes him at night. *Id.*

Sherrell commenced this lawsuit by signing the Complaint on March 5, 2024. *Id.* at PageID.11. In the Complaint, Sherrell alleges that Bermejo-Barrera violated the Eighth Amendment by denying him adequate medical care.[4] *Id.* at PageID.5–PageID.10. Sherrell seeks $1.5 million in damages and injunctive relief. *Id.* at PageID.11. The Clerk's Office received the filing fee associated with this lawsuit on June 25, 2024. ECF No. 15.

---

[4] Although the Complaint includes three Counts, the factual allegations in each Count are materially indistinguishable, and for each Count, Sherrell marked a box stating that it relates to medical care. Thus, the Court is evaluating Sherrell's claims under the applicable Eighth Amendment standard.

3

## II.  STATUTORY SCREENING

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is

appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.  DISCUSSION

**A.     Legal Framework for § 1983 Claims**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (alteration in original) (quoting 42 U.S.C. § 1983).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

There are two situations in which a state official might be liable to suit under § 1983.  *Cornel*, 37 F.4th at 531.  "First, plaintiffs may seek damages against a state official in his personal capacity."  *Id.*  "Second, state officials are 'persons' under § 1983 when sued for prospective injunctive relief."  *Id.*  This second situation applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective."  *Id.* (internal quotation marks omitted).

**B.     The Eleventh Amendment Bars Some of Sherrell's Claims**

Sherrell names as Defendants the MCCC, the former DPS, and Bermejo-Barrera.  ECF No. 1 at PageID.1–PageID.2.

"[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted); *see also Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

Any claims against the MCCC and the former DPS are barred by the Eleventh Amendment and therefore DISMISSED with prejudice.  *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997); *Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 19-cv-00040, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").

To the extent Sherrell seeks money damages, any claims against Bermejo-Barrera in her official capacity are also barred by the Eleventh Amendment and

6

therefore DISMISSED with prejudice. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").

The Eleventh Amendment does not bar Sherrell from seeking damages against Bermejo-Barrera in her personal capacity. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities"). Nor does it bar Sherrell from seeking prospective injunctive relief from individual state officials for ongoing violations of federal law. *See Cornel*, 37 F.4th at 531.

C.    **Eighth Amendment**

Sherrell alleges that Bermejo-Carrera denied him medical care. ECF No. 1 at PageID.5–PageID.10.

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments." U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit inhumane ones[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Prison officials, therefore, may not use excessive physical force against prisoners, they "must ensure that inmates receive adequate food, clothing, shelter,

and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Id.* (citations omitted).

To establish a claim of inadequate medical care, a prisoner must show both a "serious medical need" and that an official's response to the need was "deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785–86 (9th Cir. 2019) (per curiam).

A serious medical need is present when, for example, the "'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 785 (internal quotation marks and citations omitted). "Serious medical needs can relate to physical, dental and mental health." *Id.* (internal quotation marks and citations omitted).

"To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (internal quotation marks and citations omitted) (alterations in original). This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Edmo*, 935 F.3d at 786 (citation omitted). "In other words, [m]edical malpractice does not become a constitutional violation merely because

8

the victim is a prisoner." *Id.* (internal quotation marks and citation omitted) (alteration in original).

Here, Sherrell alleges that, in October 2022, he told Bermejo-Barrera that he had fallen from his top bunk bed, and he wanted a memorandum allowing him to sleep on a bottom bunk. ECF No. 1 at PageID.5. Apparently because of his fall, Sherrell was experiencing pain in his right knee and hip. *Id.* When Bermejo-Barrera told Sherrell to "prove it," Sherrell gave her the names of his physicians at the "Hood River Memorial Hospital" and the "Dallas Skyline Hospital." *Id.* Bermejo-Barrera told Sherrell that these names were "absolutely worthless" to her. *Id.* A week after this conversation, Sherrell injured his right knee and hip when he fell from his top bunk a second time. *Id.*

To the extent Sherrell alleges that Bermejo-Barrerra violated the Eighth Amendment because she did not immediately issue a memorandum authorizing him to sleep on a bottom bunk, he has not plausibly alleged that Bermejo-Barrera acted with deliberate indifference. Sherrell does not say what caused him to fall from his top bunk, whether he communicated this to Bermejo-Barrera, and what she said in response. Although Sherrell alleges that he provided to Bermejo-Barrera the names of two of his former doctors, he does not say what treatment those doctors provided or how that treatment was relevant to his need for a bottom

9

bunk. Nor does Sherrell allege that he provided Bermejo-Barrera with any other reason to grant a bottom-bunk accommodation.

At most, the allegations in the Complaint suggest a disagreement with Bermejo-Barrera's initial decision not to write a memorandum authorizing Sherrell's use of a lower bunk. This is not enough to state a claim under the Eighth Amendment. *See Rose v. Patton*, No. 2:19-cv-01195-SB, 2021 WL 933850, at *11 (D. Or. Mar. 11, 2021) ("At most, the record reflects a difference of medical opinion about the ongoing need for a lower bunk restriction."), *aff'd*, No. 21-35240, 2022 WL 16945893 (9th Cir. Nov. 15, 2022); *Sierra v. Chakmakian*, No. 2:17-cv-03723-GW (SK), 2018 WL 5869635, at *3 (C.D. Cal. Mar. 6, 2018) (stating that a disagreement with a decision to deny a lower-bunk accommodation falls significantly short of the required allegation that a defendant acted with deliberate indifference), *report and recommendation adopted*, No. 2:17-cv-03723-GW (SK), 2018 WL 5862932 (C.D. Cal. June 14, 2018).

To the extent Sherrell's claims are based on events that occurred after his second fall, he fails to link Bermejo-Barrera to any of those events. For example, Sherrell does not allege that Bermejo-Barrera knew about his second fall, denied him pain medications, or otherwise interfered with his medical care. Indeed, Sherrell does not allege that he had any interactions with Bermejo-Barrera other than the one meeting in October 2022. Any claims based on events that occurred

after his first fall cannot proceed against Bermejo-Barrera without some connection to her. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)).

For the foregoing reasons, Sherrell's claims against Bermejo-Barrera are DISMISSED with leave granted to amend.

**D.     Partial Leave to Amend**

The Complaint is DISMISSED with partial leave to amend. Sherrell must file any amended pleading on or before **July 29, 2024**. Sherrell may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint. Claims that do not properly relate to those in the Complaint are subject to dismissal.

Sherrell must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Those include Local Rule 10.4, which requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must also be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede

11

the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

### E.     Strikes Under 28 U.S.C. § 1915(g)

If Sherrell fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If, however, Sherrell decides to voluntarily dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and he does so on or before **July 29, 2024**, such dismissal will not count as a strike against him.

## IV.  CONCLUSION

(1) The Complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. § 1915A(b).

(2) All of Sherrell's claims against the MCCC and the former DPS, as well as his claims for damages against Nurse Bermejo-Barrera in her official capacity, are DISMISSED with prejudice.

(3) Sherrell must file any amended pleading on or before **July 29, 2024**.

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Sherrell may incur a strike under 28 U.S.C. § 1915(g).

(5) ALTERNATIVELY, Sherrell may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1) on or before **July 29, 2024**, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(6) The Clerk is DIRECTED to send Sherrell a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BRIAN KEITH SHERRELL VS. MAUI COMMUNITY CORRECTIONAL CENTER; *et al.*; CV 24-00183 LEK-KJM; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND**