IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN KEITH SHERRELL, #A6119921,<br><br>                 Plaintiff,<br><br>        v.<br><br>MAUI COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>                 Defendants. | Civil No. 24-00183 LEK-KJM<br><br>ORDER: DISMISSING IN PART FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND DIRECTING SERVICE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |

**ORDER DISMISSING IN PART FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND DIRECTING SERVICE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court is a First Amended Prisoner Civil Rights Complaint (FAC) filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Brian Keith Sherrell.[1]  ECF No. 21.  Sherrell alleges that a nurse at the Maui Community Correctional Center (MCCC) denied him medical care after he fell two times from his top bunk bed.[2]

---

[1] Sherrell is currently incarcerated at the Maui Community Correctional Center.  *See* ECF No. 21, at PageID.65; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6119921"; and select "Search") (last visited July 24, 2024).

[2] Sherrell names as Defendants the MCCC, the former Department of Public Safety (DPS), and Nurse Jillian Bermejo-Barrera.  ECF No. 21 at PageID.65–PageID.66.  Sherrell names the MCCC and the DPS in their official capacities, and he names Bermejo-Barrera in both her individual and official capacities.  *Id.*  On January 1, 2024, the DPS was redesignated as the Department of Corrections and Rehabilitation.  *See* Haw. Rev. Stat. § 26-14.6(d) (Supp. 2022).

After conducting the required screening pursuant to 28 U.S.C. § 1915A, the Court concludes that Sherrell's Eighth Amendment medical care claim against Nurse Jillian Bermejo-Barrera requires a response. Sherrell's remaining claims are DISMISSED. Regarding Sherrell's motion for court-appointed counsel, ECF No. 20, that motion is DENIED without prejudice.

## I. **BACKGROUND**[3]

On August 22, 2022, Sherrell fell after his foot slipped while he was climbing down the ladder from his top bunk bed at the MCCC. ECF No. 21 at PageID.70–PageID.71. At the time, Sherrell was housed in a two-person cell with three other inmates. *Id.* at PageID.68. According to Sherrell, he fell because the cell was overcrowded. *Id.* Sherrell asked Bermejo-Barrera for a memorandum allowing him to sleep on a bottom bunk. *Id.* Bermejo-Barrera immediately denied Sherell's request without any discussion. *Id.* According to Sherrell, Bermejo-Barrera denied his request despite knowing that two additional inmates slept on the floor of Sherrell's cell and that Sherrell's knee hurt because of the fall. *Id.* at PageID.69. Bermejo-Barrera also denied Sherrell's request for pain medication. *Id.*

---

[3] Sherrell's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

On August 30, 2022, Sherrell fell a second time while getting down from his top bunk. *Id.* This second fall caused Sherell pain in his right knee and hip. *Id.* at PageID.71. Sherrell explained to Bermejo-Barrera that he had fallen while trying to avoid stepping on one of the inmates sleeping on the floor of his cell. *Id.* at PageID.70. During the two weeks after this second fall, Sherell had several conversations with and submitted written requests to Bermejo-Barrera asking for a memorandum allowing him to sleep on a bottom bunk, pain medication for his knee, and a knee brace. *Id.* Bermejo-Barrera denied all these requests. *Id.* Sherell continued to plead unsuccessfully for an X-ray, knee brace, pain medication, and to see a doctor. *Id.* According to Sherrell, he experienced sleepless nights and "severe pain all day long." *Id.* at PageID.71.

Sherell eventually had an MRI on his knee, and he received the results on November 15, 2022. *Id.* The imaging revealed that Sherrell required a total knee replacement. *Id.* Sherell had knee replacement surgery on January 15, 2024. *Id.* at PageID.72.

Sherrell commenced this lawsuit by signing the Complaint on March 5, 2024. *Id.* at PageID.11. In the Complaint, Sherrell alleged that Bermejo-Barrera violated the Eighth Amendment by denying him adequate medical care.[4] *Id.* at

---

[4] Although the original Complaint included three Counts, the factual allegations in each Count were materially indistinguishable, and for each Count, Sherrell marked a box stating that it

PageID.5–PageID.10.  On June 28, 2024, the Court issued an Order Dismissing Prisoner Civil Rights Complaint with Partial Leave Granted to Amend.  ECF No. 16.  The Court dismissed with prejudice Sherrell's claims against the MCCC and the former DPS, and his claims against Bermejo-Barrera in her official capacity, because they all were barred by the Eleventh Amendment.  *Id.* at PageID.49.  The Court dismissed with leave to amend Sherrell's Eighth Amendment claim against Bermejo-Barrera in her individual capacity.  ECF No. 16 at PageID.50–PageID.54.

The Court received the FAC on July 18, 2024.  ECF No. 21.  In the FAC, Sherrell alleges that Bermejo-Barrera violated the Eighth Amendment by denying him adequate medical care.  *Id.* at PageID.68.  It appears that Sherrell continues to seek $1.5 million in damages from Bermejo-Barrera in her individual capacity.  *Id.* at PageID.68, PageID.78.

## II.  **<u>STATUTORY SCREENING</u>**

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune

---

related to medical care.  Thus, the Court evaluated all Sherrell's claims under the applicable Eighth Amendment standard.  The Court takes the same approach in screening the FAC.

from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review

as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v.

Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a

complaint must "contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotation marks and citation omitted).  A claim is "plausible" when the

facts alleged support a reasonable inference that the plaintiff is entitled to relief

from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants'

pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it

appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d

at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is

appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196

(9th Cir. 2013).

## III. <u>DISCUSSION</u>

### A.  Legal Framework for § 1983 Claims

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (alteration in original) (quoting 42 U.S.C. § 1983).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

There are two situations in which a state official might be liable to suit under § 1983.  *Cornel*, 37 F.4th at 531.  "First, plaintiffs may seek damages against a state official in his personal capacity."  *Id.*  "Second, state officials are 'persons' under § 1983 when sued for prospective injunctive relief."  *Id.*  This second situation applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective."  *Id.* (internal quotation marks omitted).

### B.  The Eleventh Amendment Bars Some of Sherrell's Claims

Sherrell again names as Defendants the MCCC, the former DPS, and Bermejo-Barrera.  ECF No.  21 at PageID.65–PageID.66.

6

As the Court explained in dismissing the original Complaint, "in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted); *see also Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

Any claims against the MCCC and the former DPS are barred by the Eleventh Amendment and therefore remain DISMISSED with prejudice.  *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997); *Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 19-cv-00040, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").

Because Sherrell seeks money damages, any claims against Bermejo-Barrera in her official capacity are also barred by the Eleventh Amendment and therefore remain DISMISSED with prejudice.  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").

The Eleventh Amendment does not bar Sherrell from seeking damages against Bermejo-Barrera in her personal capacity.[5]  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities").

## C. Eighth Amendment

Sherrell alleges that Bermejo-Carrera denied him medical care.  ECF No. 21 at PageID.68–PageID.72.

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments."  U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).  Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit inhumane ones[.]"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).  Prison officials, therefore, may not use excessive physical force against prisoners, they "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates[.]'"  *Id.* (citations omitted).

---

[5] Although the Eleventh Amendment does not bar Sherrell from seeking prospective injunctive relief from individual state officials for ongoing violations of federal law, Sherrell has not identified such a violation here.  *See Cornel*, 37 F.4th at 531.  Indeed, Sherrell does not allege that any Defendant is currently violating his rights.

To establish a claim of inadequate medical care, a prisoner must show both a "serious medical need" and that an official's response to the need was "deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785–86 (9th Cir. 2019) (per curiam).

A serious medical need is present when, for example, the "'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 785 (internal quotation marks and citations omitted). "Serious medical needs can relate to physical, dental and mental health." *Id.* (internal quotation marks and citations omitted).

"To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (internal quotation marks and citations omitted) (alterations in original). This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Edmo*, 935 F.3d at 786 (citation omitted). "In other words, [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* (internal quotation marks and citation omitted) (alteration in original).

9

Here, Sherrell has adequately alleged a serious medical need.  Sherrell injured his knee during his first fall on August 22, 2022.  ECF No. 21 at PageID.68.  This injury caused Sherrell pain.  *Id.* at PageID.69.  After Sherrell fell a second time on August 30, 2022, Sherrell felt pain in both his knee and hip.  *Id.* at PageID.70–PageID.71.  According to Sherrell, he had difficulty sleeping and experienced "severe" pain all day.  *Id.* at PageID.71.  A later MRI revealed that Sherrell required total knee replacement.  Id.  Construing his allegations liberally, Sherrell has plausibly alleged a serious medical need.  *See Robbins v. Ryan*, No. CV 18-02343-PHX-MTL (DMF), 2020 WL 2812820, at *14 (D. Ariz. May 29, 2020) (concluding that various knee injuries amounted to a serious medical need), *order clarified*, No. CV 18-02343-PHX-MTL (DMF), 2020 WL 2951017 (D. Ariz. June 3, 2020).

Regarding deliberate indifference, Sherrell alleges that he asked Bermejo-Barrera for a memorandum allowing him to sleep on a bottom bunk because of the pain he was experiencing after his first fall on August 22, 2022.  ECF No. 21 at PageID.68.  Bermejo-Barrera denied the request, without any discussion, knowing that Bermejo-Barrera was housed in a cell meant for two with three other inmates.  *Id.* at PageID.68–PageID.69.  Just over a week after his first fall, Bermejo-Barrera fell again while getting down from his bunk.  *Id.* at PageID.69.  Several times during the next two weeks, Sherrell asked for a memorandum allowing him to

sleep on a bottom bunk, pain medication, a knee brace, X-rays, and to see a doctor, but Bermejo-Barrera denied all these requests for no apparent reason. *Id.* at PageID.70. Given the timing of the two falls, Sherell's repeated pleas for medical care, and Bermejo-Barrera's alleged refusal to provide any medical care to Sherrell, Sherell's Eighth Amendment claim against Bermejo-Barrera in her individual capacity may proceed. *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) ("Deliberate indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal quotation marks and citation omitted)).

### D. Motion for Appointment of Counsel

Sherrell again moves the Court to appoint him counsel. ECF No. 20.

As the Court has already explained to Sherrell, *see* ECF No. 12, there is no constitutional right to counsel in a civil case like this one. *See Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032 (9th Cir. 2021) ("[T]his court has long held that there is 'no constitutional right to counsel in a civil case.'" (citation omitted)). A court may request, but cannot compel, counsel to appear pro bono on a plaintiff's behalf. *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Appointment of counsel pursuant to

11

28 U.S.C. § 1915(e)(1), however, is limited to cases presenting "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Sherell has not shown any exceptional circumstances. Indeed, he provides no reasons for the Court to grant his motion. *See* ECF No. 20. The fact that Sherrell is incarcerated, without more, does not amount to an exceptional circumstance. *See Pitts v. Espinda*, Civ. No. 15-00483 JMS-KJM, 2016 WL 11696329, at *4 (D. Haw. Apr. 18, 2016) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances." (quotation marks and citation omitted)).

In addition, the Court notes that, at this point, it is too early to decide if Sherrell's claims are likely to succeed. Sherrell's Motion for Appointment of Counsel is therefore DENIED without prejudice to Sherrell filing another request after the operative pleading is served and the Bermejo-Barrera has filed an Answer or other response.

## IV.  CONCLUSION

(1) Sherrell's Eighth Amendment medical care claim against Bermejo-Barrera in her individual capacity shall be served as directed below. Bermejo-Barrera is required to file a response after service is effected.

(2) Sherrell's remaining claims are DISMISSED for the reasons set forth above. For any claims not dismissed with prejudice, this dismissal does not

foreclose Sherrell from later filing an amended pleading, subject to the requirements of Rule 15 of the Federal Rules of Civil Procedure and any applicable orders of this Court.

(3) Sherrell's Motion for Appointment of Counsel, ECF No. 20, is DENIED without prejudice.

(4) The Clerk is DIRECTED to mail to Sherrell a copy of the docket in this case.

## V.  SERVICE ORDER

(1)  The Clerk shall send the U.S. Marshal a copy of this Order, the First Amended Complaint, ECF No. 21, and one completed summons for Defendant Jillian Bermejo-Barrera.  The U.S. Marshal shall open a file and retain these documents for use in the event that Bermejo-Barrera declines to waive service of the summons.

(2)  Per agreement with the Department of Public Safety, the Clerk shall provide by electronic means to DPS litigation coordinator Laurie Nadamoto: (a) a copy of the First Amended Complaint, ECF No. 21, and any exhibits, and a completed Notice of Lawsuit and Request for Waiver of Service of Summons form separately addressed to Defendant Jillian Bermejo-Barrera; and (b) two completed Waiver of Service of Summons forms for Bermejo-Barrera.

(3)  Defendant Bermejo-Barrera shall have 30 days after the request for waiver of service of summons is sent to return the waiver to the U.S. Marshal, who shall file the waiver with the court.  If Defendant Bermejo-Barrera fails to do so within that time, the U.S. Marshal shall NOTIFY THE COURT, who will direct the U.S. Marshal to personally serve the summons and operative pleading on Defendant Bermejo-Barrera.  A personally served Defendant will be required to pay the costs of service.

(4)  Defendant Bermejo-Barrera shall file a response to the First Amended Complaint within 60 days after electronic service if formal service is waived, or 45 days if service of the summons is not waived.

(5)  Sherrell shall notify the court within one week of any change of address. This notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to do so may result in dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

(6)  After Defendant Bermejo-Barrera files a response to the First Amended Complaint, Sherrell's documents are deemed served on any Defendant or their attorney(s) who participate in the court's Case Management Electronic Case Filing (CM/ECF) system.  The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

14

IT IS SO ORDERED.

DATED: Honolulu, Hawaii July 24, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BRIAN KEITH SHERRELL VS. MAUI COMMUNITY CORRECTIONAL CENTER, ET AL.; CV 24-00183 LEK-KJM; ORDER DISMISSING IN PART FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND DIRECTING SERVICE, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**