UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN KEITH SHERRELL, | CIV. NO. 24-00183 LEK-KJM |
| Plaintiff, | |
| vs. | |
| MAUI COMMUNITY CORRECTIONAL CENTER, DEPARTMENT OF PUBLIC SAFETY, JILLIAN BERMEJO-BARRERA, | |
| Defendants. | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Jillian Bermejo-Barrera's ("Bermejo-Barrera") Motion for Summary Judgment ("Motion"), filed August 18, 2025. [Dkt. no. 45.] Pro se Plaintiff Brian Keith Sherrell ("Sherrell") filed an opposition to the Motion on September 15, 2025 ("Opposition"). [Dkt. no. 55.] On October 3, 2025, Bermejo-Barrera filed a reply in support of the Motion. [Dkt. no. 57.] On December 5, 2025, Sherrell filed a document, [dkt. no. 66,] that has been construed as his supplement to the Opposition ("Supplement"). See Minute Order, filed 12/10/25 (dkt. no. 67), at PageID.347. Bermejo-Barrera was permitted to file a reply to the Supplement, [id. at PageID.348,] but did not do so.

The Court finds the Motion suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules

of Practice for the United States District Court for the
District of Hawaii ("Local Rules"). Bermejo-Barrera's Motion is
granted for the reasons set forth below. In other words, summary
judgment is granted in favor of Bermejo-Barrera as to all of
Sherrell's claims, and Sherrell has no remaining claims in this
case.

## BACKGROUND

The operative pleading is Sherrell's Prisoner Civil
Rights Complaint – First Amended Complaint ("Amended
Complaint"), which he filed on July 18, 2024. [Dkt. no. 21.]
This case arises out of a series of events that occurred in
August 2022 at the Maui Community Correctional Center ("MCCC").
See Amended Complaint at PageID.68-69. Sherrell alleges that
three defendants were deliberately indifferent to his medical
needs by failing to provide Sherrell with adequate care after he
fell off the top bunk of a bunk bed in his prison cell, which
resulted in a knee injury. Specifically, he contends that after
an initial fall, the defendants denied his request for a bottom
bunk memorandum, which he claims directly resulted in a second
fall and further injury to his knee. See id. at PageID.68-72. On
July 24, 2024, the Court issued an order that allowed Sherrell's
claims against Bermejo-Barrera to proceed but dismissed his
claims against the other defendants with prejudice ("7/24/24

Order"). <u>See</u> dkt. no. 23 at 6-8.[1] The remaining claim is a Title 42 United States Code Section 1983 claim against Bermejo-Barrera, in her individual capacity, for alleged violations of Sherrell's Eighth Amendment rights. <u>See</u> 7/24/24 Order at 11. Bermejo-Barrera moves for summary judgment on the ground that she did not personally participate in the alleged deprivation of Sherrell's rights. <u>See</u> Motion, Mem. in Supp. at 6-11. Bermejo-Barrera also claims that she is entitled to qualified immunity. [<u>Id.</u> at 11-12.]

## I.    <u>Scope of the Record on Summary Judgment</u>

The Ninth Circuit Court of Appeals has explained:

> In <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010), this court emphasized that "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules. *Pro se* inmates are, however, expressly exempted from this rule." <u>Id.</u> (citation omitted). "We have, therefore, held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." <u>Id.</u> This rule exempts *pro se* inmates from **strict** compliance with the summary judgment rules, but it does not exempt them from **all** compliance. <u>See</u> <u>Blaisdell v. Frappiea</u>, 729 F.3d 1237, 1241 (9th Cir. 2013) ("This rule relieves pro se litigants from the **strict application** of procedural rules and demands that a court not hold missing or inaccurate legal terminology or muddled draftsmanship against them." (emphasis added)); <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012) (even if the petitioner's filings were construed liberally, he still failed to identify

---

[1] The 7/24/24 Order is also available at 2024 WL 3519748.

evidence supporting his claim).

Soto v. Sweetman, 882 F.3d 865, 872 (9th Cir. 2018) (emphases in Soto).

Bermejo-Barrera filed a concise statement of material facts ("Bermejo-Barrera's CSOF") and a Notice and Warning to Pro Se Prisoner Pursuant to LR99.56.2 ("Warning") on August 18, 2025. [Dkt. nos. 46, 47.] The Warning informed Sherrell of the requirement to file a concise statement that admits or disputes facts detailed in Bermejo-Barrera's CSOF. See generally Warning. Sherrell failed to submit a concise statement disputing Bermejo-Barrera's CSOF and asserting additional facts supported by admissible evidence. Sherrell's Amended Complaint, however, was signed under penalty of perjury. See Amended Complaint at PageID.73. Courts must consider as evidence the factual contentions offered in a pro se prisoner's complaint or other filings when considering a motion for summary judgment, but only if the pro se prisoner's filings "are based upon personal knowledge" and where the pro se prisoner "attested under penalty of perjury that the contents of the motions or pleadings are true and correct." See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (citations omitted). Sherrell's Opposition was not signed under penalty of perjury. See Opposition at 4. Similarly, Sherrell's Supplement was not signed under penalty of perjury. See Supplement at 4. To the extent that Sherrell's factual

4

statements in the Amended Complaint constitute admissible evidence addressing statements of fact in Bermejo-Barrera's CSOF, the Court will consider those statements of fact to be disputed. However, where there is no factual statement in the Amended Complaint addressing a statement in Bermejo-Barrera's CSOF, the Court must consider that statement of fact to be undisputed for purposes of the Motion. See Fed. R. Civ. P. 56(e)(2); see also Local Rule LR56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the movant's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").

## II. **Evidence Before the Court**

Sherrell is an inmate incarcerated at MCCC. See Amended Complaint at PageID.65; see also VINE, https://vinelink.vineapps.com/search/HI/Person (name search for Brian Sherrell) (last visited Jan. 22, 2026). Bermejo-Barrera is a Registered Nurse ("RN") and has worked at MCCC for five years. [Bermejo-Barrera's CSOF, Declaration of Jillian Bermejo-Barrera ("Bermejo-Barrera Decl.") at ¶ 1.] As an RN, Bermejo-Barrera provides nursing services to inmates at MCCC and helps ensure their health, safety, and well-being. [Id. at ¶ 4.]

At some point between August 22, 2022 and August 25, 2022, Sherrell fell from the top bunk of his bunk bed. See

Amended Complaint at PageID.68; Bermejo-Barrera Decl. at ¶ 6. At the time of the incident, Sherrell shared his two-person cell with three other inmates. [Amended Complaint at PageID.68.] Sherrell fell from his bed because the cell was overcrowded. See id. As a result of the incident, Sherrell sought medical attention, and Bermejo-Barrera attended to his injuries on August 25, 2022. [Id.; Bermejo-Barrera Decl. at ¶ 6]

While examining Sherrell on August 25, 2022, Bermejo-Barrera completed an injury report where she described and recorded contemporaneously Sherrell's injuries and Sherrell's recollection of the accident. See Exh. "B," filed under seal 8/19/25 (dkt. no. 49) ("8/25/22 Injury Report").[2] Bermejo-Barrera noted that Sherrell's eyes were swollen and bruised, with a superficial laceration to his left eyebrow, and a superficial laceration to his chin. [Id.; Bermejo-Barrera's CSOF at ¶ 9.] Bermejo-Barrera recorded that, when she asked Sherrell to describe the incident, Sherrell responded that he had a sudden fall when he was getting off his bunk on the night of August 24, 2022. [8/25/22 Injury Report; Bermejo-Barrera's CSOF at ¶ 8.] Bermejo-Barrera also recorded that Sherrell denied any further

---

[2] The 8/25/22 Injury Report is authenticated by the Bermejo-Barrera Declaration. See Bermejo-Barrera Decl. at ¶ 7.

injury beyond the injuries on his face. [8/25/22 Injury Report; Bermejo-Barrera Decl. at ¶¶ 8, 10.]

MCCC's policy compels medical staff like Bermejo-Barrera to photograph every area an inmate identifies as injured, regardless of whether an injury is apparent. See Bermejo-Barrera Decl. at ¶ 9. Pursuant to MCCC policy, Bermejo-Barrera took photographs of Sherrell's injuries on August 25, 2022. See id. at ¶ 8; Exh. "C," filed under seal 8/19/25 (dkt. no. 50) ("8/25/22 Photographs").[3]

A few hours after Sherrell saw Bermejo-Barrera, he underwent a segregation mental health review at a different section of MCCC. See Bermejo-Barrera Decl. at ¶¶ 12-13. During the review, an MCCC psychiatric social worker, Suwann McGrath ("McGrath"), observed Sherrell's interactions with other inmates. See id. at ¶ 14. McGrath contemporaneously recorded her observations in a progress note. See Exh. "D," filed under seal 8/19/25 (dkt. no. 51) ("8/25/22 Progress Note").[4] The 8/25/22 Progress Note indicates that, on August 25, 2022, Sherrell was "not in acute distress" and was "joking around" with other

_____

[3] The 8/25/22 Photographs are authenticated by the Bermejo-Barrera Declaration. See Bermejo-Barrera Decl. at ¶ 8.

[4] The 8/25/22 Progress Note is authenticated by the Bermejo-Barrera Declaration. See Bermejo-Barrera Decl. at ¶ 12.

inmates. See id.; Bermejo-Barrera's CSOF at ¶ 15; see also
Bermejo-Barrera Decl. at ¶ 14.

Sherrell's history of medical problems related to his
knee is detailed in an Independent Medical Records Review report
that was prepared by John K. Shuster, M.D., ("Dr. Shuster"). See
Exh. "E," filed under seal 8/19/25 (dkt. no. 52) ("Independent
Medical Report").[5] After reviewing Sherrell's medical records,
Dr. Shuster concluded that Sherrell's documented knee injuries
began in 1983, which likely included an operation on his right
knee in 1984. See id. at 47; Supplement at PageID.343 (publicly-
filed page forty-seven of the Independent Medical Report).
Dr. Shuster also concluded that Sherrell suffers from "long-
standing knee arthritis." See Independent Medical Report at 47;
Supplement at PageID.343.

On August 22, 2022, three days before Bermejo-Barrera
treated Sherrell for his injuries, Sherrell submitted a Medical
Request form requesting a knee brace for a "bad knee."
[Opposition, Exh. A.] The Medical Request form also stated that
Sherrell had a bad back and shoulder, but the Medical Request
form did not include a request from Sherrell for a "No Top Bunk
Memo." See id. Between September 2022 and January 2024, Sherrell

---

[5] The Independent Medical Report is authenticated by the
Declaration of Kendall J. Moser. See Bermejo-Barrera's CSOF,
Declaration of Kendall J. Moser ("Moser Decl.") at ¶ 4.

made various complaints to medical personnel regarding pain in his right knee. <u>See</u> Independent Medical Report at 14-33; <u>see also</u> Supplement at PageID.336-41 (publicly-filed pages 14-15, 17, 19-21 of the Independent Medical Report). On September 10, 2022, Sherrell submitted a Medical Request form where he stated he was making a second request to be assigned to a bottom bunk as a medical accommodation, but Dr. Shuster noted that there did not appear to be a record of the purported first request. <u>See</u> Independent Medical Report at 14-15; Supplement at PageID.336-37. In January 2024, Sherrell underwent a total knee replacement. <u>See</u> Independent Medical Report at 31; Amended Complaint at PageID.72.

The parties dispute two categories of alleged facts related to Sherrell's knee injury. First, the parties dispute the timeline and details of the injury that Sherrell suffered at MCCC. Second, the parties dispute Bermejo-Barrera's involvement in treating Sherrell for the injury.

Sherrell contends that he fell twice from his bunk bed. According to Sherrell, his first fall occurred on August 22, 2022; [Amended Complaint at PageID.68;] the second fall occurred on August 30, 2022, [<u>id.</u> at PageID.69]. Sherrell further contends that he suffered knee and hip pain following his falls. [<u>Id.</u> at PageID.68-70.] Bermejo-Barrera, on the other hand, asserts that Sherrell only fell once from his bunk bed,

9

and that this fall occurred on August 24, 2022, not August 22,
2022. [Motion, Mem. in Supp. at 8.] She points out that there is
no record of Sherrell falling on August 30, 2022. See Motion,
Mem. in Supp. at 8; Bermejo-Barrera Decl. at ¶ 16. Bermejo-
Barrera also asserts that Sherrell injured his face during his
fall and explicitly denied any further injury. [Bermejo-Barrera
Decl. at ¶¶ 8, 10, 19.]

        Sherrell claims that Bermejo-Barrera was intimately
aware of his knee injury and continuously denied his requests
for treatment. First, Sherrell contends that, after his first
fall, Bermejo-Barrera denied his request for a memorandum that
would allow him to sleep on a bottom bunk. [Amended Complaint at
PageID.68.] According to Sherrell, Bermejo-Barrera denied his
bottom bunk memorandum request despite knowing that two inmates
slept near the base of the ladder that Sherrell used to descend
from his top bunk. Sherrell also contends that Bermejo-Barrera
denied his request for pain medication. [Id. at PageID.69.]
Sherrell argues that Bermejo-Barrera's alleged refusal to grant
the bottom bunk accommodation directly resulted in his second
fall. See id. at PageID.71. Sherrell also contends that after
his second fall, he repeatedly asked Bermejo-Barrera, both
verbally and in writing, for a bottom bunk assignment, pain
medication, a knee brace, x-rays, and doctor's visits, but all
his requests were denied. [Id. at PageID.70-71.] He argues that

10

these refusals resulted in sleepless nights; constant, severe pain; and eventually his total knee replacement. [Id. at PageID.71.]

Bermejo-Barrera states that she never medically treated Sherrell for anything related to his knee. See Bermejo-Barrera Decl. at ¶ 19. She also states that Sherrell never asked her for a memorandum assigning him to a bottom bunk. See id. at ¶ 17. Dr. Shuster opined that Bermejo-Barrera's medical records contain "no evidence that there was a refusal for pain medication in the month of August 2022." [Independent Medical Report at 46; Motion, Mem. in Supp. at 10.] Finally, Bermejo-Barrera contends that Sherrell's medical records contain "no chart note, memo, medical request form responses, or other document that [Bermejo-Barrera] wrote regarding Mr. Sherrell's knee." See Bermejo-Barrera Decl. at ¶ 18. The Court is tasked with determining whether there is a genuine issue of material fact that precludes summary judgment. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

11

**DISCUSSION**

I.    **Whether Bermejo-Barrera Violated the Eighth Amendment**

       Sherrell alleges a Section 1983 claim against Bermejo-Barrera arising out of the Eighth Amendment. <u>See</u> Amended Complaint at PageID.66

> "Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" <u>Cornel v. Hawaii</u>, 37 F.4th 527, 531 (9th Cir. 2022) (alteration in original) (quoting 42 U.S.C. § 1983). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Park v. City & County of Honolulu</u>, 952 F.3d 1136, 1140 (9th Cir. 2020).

[7/24/24 Order at 6 (alteration in 7/24/24 Order).] State officials are entitled to qualified immunity from a Section 1983 suit "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." <u>District of Columbia v. Wesby</u>, 583 U.S. 48, 62-63 (2018) (citation and internal quotation marks omitted).

       The United States Supreme Court has long held that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976). Sherrell claims that his Eighth

Amendment rights were violated when Bermejo-Barrera – acting

under color of state law as an employee of MCCC - denied him

adequate medical treatment, which he alleges amounts to

deliberate indifference. See Amended Complaint at PageID.68-69.

> To establish a claim of inadequate medical
> care, a prisoner must show both a "serious
> medical need" and that an official's response to
> the need was "deliberately indifferent." Edmo v.
> Corizon, Inc., 935 F.3d 757, 785–86 (9th Cir.
> 2019) (per curiam).
>
> A serious medical need is present when, for
> example, the "'failure to treat a prisoner's
> condition could result in further significant
> injury or the unnecessary and wanton infliction
> of pain." Id. at 785 (internal quotation marks
> and citations omitted). "Serious medical needs
> can relate to physical, dental and mental
> health." Id. (internal quotation marks and
> citations omitted).
>
> "To show deliberate indifference, the
> plaintiff must show that the course of treatment
> the [official] chose was medically unacceptable
> under the circumstances and that the [official]
> chose this course in conscious disregard of an
> excessive risk to the plaintiff's health." Id. at
> 786 (internal quotation marks and citations
> omitted) (alterations in original). This is a
> "high legal standard." Toguchi v. Chung, 391 F.3d
> 1051, 1060 (9th Cir. 2004). "An inadvertent or
> negligent failure to provide adequate medical
> care is insufficient to establish a claim under
> the Eighth Amendment." Edmo, 935 F.3d at 786
> (citation omitted). "In other words, [m]edical
> malpractice does not become a constitutional
> violation merely because the victim is a
> prisoner." Id. (internal quotation marks and
> citation omitted) (alteration in original).

[7/24/24 Order at 9 (alterations in 7/24/24 Order).]

A prison official does not act in a deliberately indifferent manner "'unless the official knows of and disregards an excessive risk to inmate health or safety . . . .'" See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1123 n.1 (9th Cir. 2018) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)) That is, "the official must demonstrate a **subjective awareness** of the risk of harm." Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc) (citation omitted) (emphasis in Castro). This is often referred to as the "subjective deliberate indifference" standard. See, e.g., Gordon, 888 F.3d at 1122 (citation omitted). Moreover, a prisoner asserting an Eighth Amendment claim must "demonstrate that the defendants' actions were both an actual and proximate cause of their injuries." Lemire v. California, 726 F.3d 1062, 1074 (9th Cir. 2013) (citation omitted).

A.    **Serious Medical Need**

The Court finds that a reasonable juror could conclude that Sherrell's injury presented an objective, serious medical need. Sherrell reported to MCCC medical staff that he had a "bad knee" on August 22, 2022. [Opp., Exh. A (Medical Request form).] Between September 10, 2022, and September 29, 2022, Sherrell requested various medical accommodations including, among other things, assignment to a bottom bunk, [Independent Medical Report at 14,] a knee brace, pain relief medication, x-rays, and

14

surgery, [id. at 15-16]. See also Supplement at PageID.336-37
(publicly-filed pages fourteen to sixteen of the Independent
Medical Report). On September 11, 2022, Sherrell submitted an
MCCC Request Form where he stated that he badly strained his
knee. [Independent Medical Report at 15; Supplement at
PageID.337.[6]]

   While Bermejo-Barrera disputes Sherrell's assertion
that he reported a knee injury to her, see Bermejo-Barrera Decl.
at ¶¶ 10, 18-19, Bermejo-Barrera does not dispute that Sherrell
in fact suffered a knee injury at some point between August 2022
and September 2022. There is also no dispute that Sherrell's
knee was eventually replaced and that he suffered intense pain
during the period between the August/September 2022 incident and
the January 2024 knee replacement. Viewing the record in the
light most favorable to Sherrell,[7] the Court finds that Sherrell
satisfies the first part of the deliberate indifference standard
because a reasonable trier of fact could conclude that Sherrell
presented a serious medical need when he fell from his bunk bed
and that the injury resulted in severe pain and further injury.

---

  [6] Sherrell submitted a copy of the September 11, 2022
Request Form, but the request section of the form cannot be read
due to the poor copy quality. See Supplement at PageID.327.
  [7] In considering the Motion, the Court must view the record
in the light most favorable to Sherrell as the nonmoving party.
See Harris v. Cnty. of Orange, 17 F.4th 849, 855 (9th Cir.
2021).

B.    __Subjective Deliberate Indifference__

To address the subjective deliberate indifference standard, Gordon, 888 F.3d at 1122, Sherrell purports to rely on his personal documentation of his medical care. Sherrell claims to have copies of all written medical requests that he submitted and that were returned to him, see Opposition at PageID.280, and that he "kept a journal and a calendar of events pertaining to all/any communications, circumstances, medications prescribed, due to these falls and injuries which [he] suffered to [his] right knee and hip," [Amended Complaint at PageID.69-70]. Sherrell, however, only appended one medical request to his Opposition: the August 22, 2022 Medical Request form, [Opposition, Exh. A,] which makes no mention of Bermejo-Barrera. In addition, Sherrell has not submitted the journal and calendar of events that he described in the Amended Complaint.

Bermejo-Barrera argues that she was not deliberately indifferent to Sherrell's condition because she never saw Sherrell to treat a knee injury. See Motion, Mem. in Supp. at 10; Bermejo-Barrera Decl. at ¶¶ 18-19. Dr. Shuster opined in the Independent Medical Report that Bermejo-Barrera did not deny Sherrell's requests for a no-top-bunk memorandum or for pain medication. [Independent Medical Report at 46-47; Supplement at PageID.342-43.] Sherrell, on the other hand, made several assertions in his Amended Complaint, which contradict several of

16

the assertions made by Bermejo-Barrera and opinions made by Dr. Shuster. See *supra* Background Section II. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

　　　The Court finds that Sherrell failed to rebut, with any admissible evidence, Bermejo-Barrera's assertion that she "never saw Mr. Sherrell for anything related to his knee." See Bermejo-Barrera Decl. at ¶ 19. Dr. Shuster opined that: 1) Bermejo-Barrera never denied Sherrell a no-top-bunk memorandum; 2) Bermejo-Barrera never refused Sherrell pain medication in August 2022; and 3) Sherrell denied having suffered any injuries other than his eyes, eyebrow, and chin injuries when he saw Bermejo-Barrera on August 25, 2022. See Independent Medical Report at 46-47; Supplement at PageID.342-43. The medical records support Dr. Shuster's opinions. See, e.g., Exh. "B" (8/25/22 Injury Report); Exh. "C" (8/25/22 Photographs); Exh. "D" (8/25/22 Progress Note). Despite a voluminous record of medical requests, appointment notes, and other entries in Sherrell's medical file, see generally Independent Medical Report, there is only one record evincing a meeting between Bermejo-Barrera and Sherrell, which occurred on

August 25, 2022. <u>See</u> Exh. "B" (8/25/22 Injury Report). According
to that August 25, 2022 record, Sherrell did not report a knee
injury or any knee pain during that meeting. <u>See</u> <u>id.</u> Sherrell
has presented no records showing that he asked Bermejo-Barrera
for a no-top-bunk memorandum, despite his assertion that he kept
a journal and calendar of the relevant events, <u>see</u> Amended
Complaint at PageID.70.

In light of Bermejo-Barrera's testimony in her
declaration, the Independent Medical Report, the medical
records, and the fact that all of Sherrell's other medical
requests appear to have been well-documented, the Court finds
that Bermejo-Barrera has carried her burden to demonstrate that
she did not deliberately ignore Sherrell's medical requests.
<u>Accord</u> <u>Davis v. Diaz</u>, Case No. 3:18-cv-00264-SLG, 2020 WL
1877951, at *7-8 (D. Alaska Apr. 15, 2020) (granting the
defendant's motion for summary judgment after finding that the
plaintiff's medical record directly contradicted the plaintiff's
assertion in his complaint that the prison's nurse did not order
an EKG or refer him to a physician's assistant). A reasonable
juror crediting Sherrell's factual statements in the Amended
Complaint could not conclude that Bermejo-Barrera knew of and
deliberately disregarded a serious risk of harm to Sherrell.
<u>See, e.g.</u>, <u>Brummett v. Teske</u>, 344 F. App'x 373, 374 (9th Cir.
2009) (affirming summary judgment for three of the defendants

18

where the plaintiff failed to show that those defendants had actual knowledge that the plaintiff's upper bunk assignment posed a substantial risk of serious harm (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994))). Sherrell only offers conclusory statements in the Amended Complaint to rebut Bermejo-Barrera's evidence, which is insufficient to survive a motion for summary judgment that is supported by the record. <u>See</u> <u>Chima v. Obedoza</u>, 72 F. App'x 577, 578 (9th Cir. 2003) (finding claims by the inmate plaintiff that the defendants failed to take his vital signs and examine him were insufficient to demonstrate material issues of fact where the inmate's "conclusory denials" contradicted by his medical records) (citing <u>United States v. Various Slot Machines on Guam</u>, 658 F.2d 697, 701 (9th Cir. 1981) ("Even on a motion for summary judgment, a court is not compelled to give weight to an allegation that is incontrovertibly demonstrated to be false.")).[8] Thus, the Court concludes that Sherrell fails to

---

[8] In his Supplement, Sherrell asserts, without any evidence, that there was an "EHR system failure" on June 13, 2022, which resulted in "missing EHR data" from June 2022 to September 2022. [Supplement at PageID.323.] The Court cannot consider the information asserted in the Supplement because the Supplement was not signed under penalty of perjury. <u>See</u> <u>Jones v. Blanas</u>, 393 F.3d 918, 923 (9th Cir. 2004). Even if the Court were to consider the assertions made in Sherrell's Supplement, Sherrell fails to present any evidence to show that Bermejo-Barrera's allegedly deliberately indifferent medical treatment was the actual and proximate cause of Sherrell's knee replacement and extreme pain. <u>See</u> <i>infra</i> Discussion Section I.C.

satisfy the second part of the deliberate indifference standard because a reasonable trier of fact could not conclude that Bermejo-Barrera knew of and disregarded the excessive risk to Sherrell's health or safety.

      **C.**    <u>**Causation**</u>

        Even assuming *arguendo* that Bermejo-Barrera was subjectively aware of Sherrell's knee injury, Sherrell fails to rebut the assertion that Sherrell's history of knee problems, including at least one previous surgery and years of arthritis, were the actual and proximate causes of the right knee replacement. See <u>Lemire</u>, 726 F.3d at 1074. After having reviewed Sherrell's medical records, Dr. Shuster opined in the Independent Medical Report that Sherrell's knee replacement surgery "was more likely than not due to other causes, including long-standing knee arthritis and previous knee injuries documented all the way back to 1983." [Independent Medical Report at 47; Supplement at PageID.343.] Sherrell did not identify any evidence that rebuts Dr. Shuster's conclusion. Thus, assuming *arguendo* that Bermejo-Barrera denied Sherrell's "No Top Bunk" request and pain medication after his August 2022 fall and reviewing the record in the light most favorable to Sherrell, the Court concludes that there is no evidence suggesting that Bermejo-Barrera's medical treatment following

Sherrell's fall or falls from his bunk bed was the actual and proximate cause of Sherrell's knee replacement and extreme pain.

Because Sherrell fails to raise a genuine dispute of material fact regarding Bermejo-Barrera's subjective awareness and causation between Bermejo-Barrera's allegedly deficient medical treatment and Sherrell's injuries, the Court concludes that Bermejo-Barrera is entitled to judgment as a matter of law. This conclusion is reached after reviewing all of the submissions in the light most favorable to Sherrell, as the non-moving party. This conclusion is also reached after liberally construing Sherrell's arguments and submissions because the Court recognizes that he is not a lawyer and is representing himself.

## II.  Whether Bermejo-Barrera Is Entitled to Qualified Immunity

Bermejo-Barrera also argues that she is entitled to summary judgment on the grounds of qualified immunity. [Motion, Mem. in Supp. at 11-12.] The defense of qualified immunity shields government officials from liability for damages, Taylor v. Barkes, 575 U.S. 822, 825 (2015) (per curiam), but becomes relevant only if a court determines that a constitutional violation has occurred. Because the Court has determined that no constitutional violation has occurred and that Bermejo-Barrera is entitled to summary judgment on Sherrell's Eighth Amendment

claim on this ground, the Court need not address the qualified immunity defense.

### CONCLUSION

On the basis of the foregoing, Bermejo-Barrera's Motion for Summary Judgment, filed August 18, 2025, is GRANTED. Summary judgment is granted in favor of Bermejo-Barrera as to the claim in Sherrell's Prisoner Civil Rights Complaint – First Amended Complaint, filed July 18, 2024, alleged against her in her individual capacity. There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to enter final judgment on **February 23, 2026.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 23, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**BRIAN KEITH SHERRELL VS. MAUI COMMUNITY CORRECTIONAL CENTER ET AL.; CV 24-00183 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**